UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-cr-0313-B |
| | § | |
| | § | |
| JAMES REEVES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant James M. Reeves's Motion for Compassionate Release Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) (Doc. 83). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On August 20, 2019, this Court sentenced Mr. Reeves to eighty-four months of imprisonment and three years of supervised release based on his guilty plea to one count of Conspiracy to Possess with Intent to Distribute a Schedule II Controlled Substance. Doc. 81, J., 1–3. Mr. Reeves is currently forty-two years old and is confined at the Federal Correctional Institute (FCI) Texarkana and is projected to be released on August 15, 2024.[1] FCI Texarkana has zero active cases of COVID-19.[2]

---

[1] The Court accessed this information by searching for James Michael Reeves on the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

[2] Information on the BOP's confirmed COVID-19 cases is available at https://www.bop.gov/coronavirus/ (last visited June 30, 2020).

On June 25, 2020, Mr. Reeves filed his Motion for Compassionate Release (Doc. 83). Mr. Reeves seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A) because, he argues, he suffers from serious underlying medical conditions and, as a result, he is at a higher risk for becoming severely ill from COVID-19. Doc. 83, Def.'s Mot., 2.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(I)); *see id.* at 693 n.1. The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

## III.

## ANALYSIS

Upon review, the Court concludes that Mr. Reeves has neither exhausted his administrative remedies due to his health concerns nor demonstrated circumstances justifying an exception to the exhaustion requirement. Thus, he is not eligible for a sentence reduction at this time.

*A.     Failure to Exhaust Administrative Remedies*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier"). The United States Court of Appeals for the Third Circuit recently characterized this requirement as "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Mr. Reeves seeks compassionate release from this Court for two reasons. First, he claims medical concerns in light of COVID-19. Doc. 83, Def.'s Mot., 2. Next, he claims a need to care for his minor daughter. *Id.* To show exhaustion, Mr. Reeves provides evidence of an "Inmate Request to Staff" form sent to Warden Salmonson on May 20, 2020, requesting "compassionate release under 18 U.S.C. [§] 3582(c)(1)(A) . . . ." *Id.* at 25. The form states that the reason for his

request is "to provide for [his] Daughter" who has been "taken into the custody of the Texas Department of Family and Protective Services . . . ." *Id.* However, this request sent to the Warden does not contain any reference to his health concerns with respect to COVID-19. *See id.* Thus, in relation to his medical concerns, Mr. Reeves has not yet provided the Warden a request which "at a minimum contain[s] . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration . . . ." 28 C.F.R. § 571.61(a)(1). Because Mr. Reeves has not sent such a request containing his medical concerns to the Warden, he has not exhausted his BOP remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

Relating to Mr. Reeves's request for compassionate release to care for his daughter, Mr. Reeves has not supplied this Court with any means to confirm that the request was sent to the Warden or to confirm that the Warden failed to respond to the request. *See* Doc. 83, Def.'s Mot., 25. Even if the Court were to consider the "Inmate Request to Staff" form attached to Mr. Reeves's motion as sufficient evidence to satisfy the exhaustion requirement, this Court finds the merits of this request lacking, as discussed in the Court's merits section below.

Moreover, Mr. Reeves has failed to provide circumstances unique to his case that would justify relaxing the exhaustion requirement in light of the COVID-19 pandemic. Mr. Reeves has not shown that COVID-19 is so widespread at FCI Texarkana so as to excuse his failure to exhaust administrative remedies. *Cf.* Order at 8, *United States v. Lee*, No. 3:07-CR-0289-M-2 (N.D. Tex. Apr. 23, 2020), ECF No. 1950 (Lynn, C.J.) (excusing a failure to exhaust administrative remedies when, amongst other things, there was a "rapid spread of COVID-19 at FCI Oakdale"); *United States v. Foots*, 2020 WL 3129647, at *2 (N.D. Tex. June 12, 2020), *appeal filed*, No. 20-10669 (5th Cir. June 29, 2020) (declining to waive the defendant's failure to exhaust where "the only case of

COVID-19 [at the defendant's facility] [was] among the staff, and not the prisoners"). At FCI Texarkana, there are no active cases, no previous deaths from COVID-19, and one successful recovery from a staff member.[3]

Therefore, under these circumstances, the BOP should have the first opportunity to address Mr. Reeves's appeal for compassionate release based on the COVID-19 pandemic. Mr. Reeves's request on his health condition ground is **DENIED WITHOUT PREJUDICE**. Mr. Reeves may file again after exhausting his administrative appeals, or if other circumstances arise that might excuse the exhaustion requirement.

Mr. Reeves has most likely exhausted his administrative remedies with respect to his caretaker request. However, as discussed in the merits section below, that request is also denied.

B.   *Failure on the Merits*

Mr. Reeves also has not shown "extraordinary and compelling reasons" justifying his early release. *See* 18 U.S.C. § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *Muniz*, 2020 WL 1540325, at *1 (citing U.S.S.G. § 1B1.12(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4]

First, Mr. Reeves claims to suffer from asthma and obesity, which he argues presents an

---

[3] The BOP COVID-19 cases website is available at https://www.bop.gov/coronavirus/.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." 1B1.12(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

"extraordinary and compelling" reason for a sentence reduction in light of COVID-19. Doc. 83, Def.'s Mot., 20. However, Mr. Reeves has not shown how the pandemic presents "extraordinary circumstances" unique to his case. *See United States v. Garcia*, 2020 WL 3270710, at *2 (N.D. Tex. June 16, 2020) (noting that the pandemic's "effect on the nation does not demonstrate extraordinary circumstances specific to [the defendant]") (citation omitted). "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . ." *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Although Mr. Reeves may have underlying physical conditions that might make him more vulnerable to the serious symptoms associated with COVID-19, FCI Texarkana has no active cases of COVID-19 among the staff or the prisoner population. *See supra* at 6 n.4. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release, especially considering [the] BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted). In fact, Mr. Reeves relays that FCI Texarkana is "on COVID-19 lock-down and [has] been since 1 April 2020." Doc. 83-1, 22 (Defendant's Note). This suggests that FCI Texarkana is taking efforts to prevent a COVID-19 outbreak. Further, Mr. Reeves has not supplied this Court with sufficient evidence showing that he suffers from obesity or asthma. His Motion offers no evidence that he is medically obese, and the only evidence provided to show that he suffers from asthma is a photocopy of an asthma prescription. *Id.* at 21 (Asthma Prescription).

Next, Mr. Reeves requests compassionate release because his daughter has been placed in the custody of the Texas Department of Family and Protective Services. Doc. 83, Def.'s Mot., 25. He argues that "[i]f something would happen to [him] while in custody do [sic] to complications of

covid-19 the Texas Child Protective Service would be required to provide for his daughter until she becomes 18 years old." *Id.* at 24. Section 3582 allows for compassionate release due to family circumstances in only limited situations. Specifically, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" may constitute an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. 1(C)(i). Mr. Reeves's motion provides only that his daughter "has been taken into the custody of the Texas Department of Family and Protective Services" and that he is "her sole provider . . . ." Doc. 83, Def.'s Mot., 25. The Court lacks information to determine if Mr. Reeves's circumstances fall within the policy statement. *See generally id.* As stated above, for his daughter's taking into custody by the Department of Family and Protective Services to be considered an "extraordinary and compelling reason" for the purposes of compassionate release under § 3582(c)(1)(A)(i), the reason must be "death or incapacitation of the caregiver of the defendant's minor child . . . ." U.S.S.G. § 1B1.13 cmt. 1(C)(i).

Moreover, "a critical consideration in this guidance is that no person other than the defendant is available to serve as a caretaker of a minor or incapacitated family member." *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020). Mr. Reeves's motion fails to show that he is the only person available to care for his child while he is incarcerated. In fact, he states that he "has help from his Father and will be able to get custody of his Daughter from Texas CPS." Doc. 83, Def.'s Mot., 24. This assertion from Mr. Reeves shows that other people within his family can potentially take care of his child while he is imprisoned. *See Goldberg*, 2020 WL 1853298, at *4.

Therefore, Mr. Reeves has not shown extraordinary and compelling reasons for his release.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Reeves's Motion for Compassionate Release Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) (Doc. 83) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: July 7, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE