UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-cr-0313-B-2 |
| | § | |
| | § | |
| JAMES REEVES, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant James M. Reeves's Motion to the Court to Reconsider Compassionate Release (Doc. 87). For the reasons that follow, the motion is **DENIED**.

### I.
### BACKGROUND

On August 20, 2019, this Court sentenced Mr. Reeves to eighty-four months of imprisonment and three years of supervised release based on his guilty plea to one count of conspiracy to possess with intent to distribute a schedule II controlled substance. Doc. 81, J., 1–3. Mr. Reeves is currently forty-two years old and confined at Federal Correctional Institute (FCI) Texarkana, with and a projected release date of August 15, 2024.[1]

On July 10, 2020, the Court denied Mr. Reeves's first Motion for Compassionate Release. *See* Doc. 84, Mem. Op. & Order, 1. The Court found that Mr. Reeves did not demonstrate extraordinary and compelling reasons for his release because: (1) he did not provide medical records showing that

---

[1] The Court accessed this information by searching for James Michael Reeves on the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

he had medical conditions that made him more susceptible to the severe symptoms of the COVID-19 virus should he contract it; and (2) he did not provide reasons why his daughter was taken into the custody of the Texas Department of Family and Protective Services (TDFPS). *Id.* at 6–7.

Mr. Reeves then submitted an addendum to his motion, in which he explained that the his wife had died. *See* Doc. 85, Addendum, 1. He then filed his renewed motion based on this information. Doc. 87, Def.'s Mot.

The Court ordered the Government to respond to Mr. Reeves's motion with any information it might have on Mr. Reeves's daughter's custody arrangement. Doc. 86, Electronic Order; Doc. 91, Electronic Order. The Court also gave Mr. Reeves time to explain the custody arrangement as well. Doc. 92, Electronic Order. Both parties have responded, and the motion is ripe for review.

Because Mr. Reeves's daughter is in the care of others despite Mr. Reeves's wife's death, the Court **DENIES** Mr. Reeves's motion.

## II.

### LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see United*

*States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

## III.

## ANALYSIS

Upon review, the Court concludes that although Mr. Reeves has exhausted his administrative remedies with respect to his caretaker ground for release, he has not demonstrated extraordinary and compelling reasons that warrant his release. Thus, he is not eligible for a sentence reduction at this time.

A. *Mr. Reeves Has Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. Section § 3582(c)(1)(A) permits a defendant to file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier."

Here, Mr. Reeves sent a "Request for Administrative Remedy" on July 14, 2020. Doc. 87, Def.'s Mot., 2.[2] Because it has been over thirty days since that request, Mr. Reeves has exhausted his administrative remedies. *See United States v. Ezukanma*, 2020 WL 4569067, at *5 (N.D. Tex. Aug.

---

[2] Though the request appears to be seeking review of a denial of compassionate release, rather than requesting compassionate release, it is sufficient evidence that a request was made.

7, 2020).

B.     *Despite Satisfying the Exhaustion Requirement, Mr. Reeves Fails to Demonstrate Extraordinary and Compelling Reasons Warranting His Release.*

Mr. Reeves also has not shown "extraordinary and compelling reasons" justifying his early release. *See* § 3582(c)(1)(A). The policy statement applicable to § 3582—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *Muniz*, 2020 WL 1540325, at *1(citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[3] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

Mr. Reeves seeks compassionate release because his wife recently died, Doc. 85, Addendum, 1, and "nobody on" either side of his family can take custody of his daughter, who is five years old. Doc. 87, Def.'s Mot., 1.

Section 3582 allows for compassionate release due to family circumstances in only limited

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

situations. Specifically, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" may constitute an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. 1(C)(i).

In its original order, the Court concluded that it "lack[ed] information to determine if Mr. Reeves's circumstances fall within the policy statement." Doc. 84, Mem. Op. & Order, 7 (citation omitted).

Now, Mr. Reeves—through his addendum and the present motion—and the Government have provided the Court with the information necessary for it to determine whether Mr. Reeves's familial circumstances warrant compassionate release. As mentioned, Mr. Reeves explains that his wife, "the sole guardian of his daughter," has died. Doc. 85, Addendum, 1. Under the policy statement, the "death or incapacitation of the caregiver of the defendant's minor child" may constitute extraordinary and compelling reasons for relief. U.S.S.G. § 1B1.13 cmt. 1(C)(i).

However, courts consider whether there is a "person other than the defendant is available to serve as a caretaker of a minor or incapacitated family member." *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020); *see also United States v. Shine*, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020) ("That other people within [the defendant's] family can potentially take care of her children while she is imprisoned cuts against compassionate release here.") (citing *Goldberg*, 2020 WL 1853298, at *4).

Here, the Government's evidence, which consists of two letters from the TDFPS, show why compassionate release is not warranted here. First, Mr. Reeves's daughter is being placed with the paternal grandparents of her half-brother. Doc. 93-1, Letter, 1. Moreover, Mr. Reeves has requested a home study of a Mr. and Mrs. Fowler, friends of Mr. Reeves who have known Mr. Reeves's dughter

since birth. Doc. 93, Gov't's Resp., 5; Doc. 93-2, Letter, 1. The home visit was "completed and is in the approval phase at this time." Doc. 93-1, Letter, 1. As TDFPS explains, "[t]he [Fowlers] would be a kinship placement and they are long-term and adoption motivated." Doc. 93-2, Letter, 1. Moreover, TDFPS points out that even "[i]f Mr. Reeves was to get out of prison, there is no guarantee that his daughter would be placed with him." Doc. 93-1, Letter, 1. He would need to satisfy many conditions "and show long term stability" for him to gain custody. *Id.* at 2.

Because there are people that may care for Mr. Reeves's daughter, the Court concludes extraordinary and compelling reasons do not exist here. *See Goldberg*, 2020 WL 1853298, at *4.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Reeves's Motion to the Court to Reconsider Compassionate Release (Doc. 87) is **DENIED**. Should Mr. Reeves decide to file a subsequent motion for compassionate release, he must bring forth new circumstances that warrant his requested relief.

**SO ORDERED.**

**SIGNED: August 28, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE